FILED
2017 Jun-02  AM 09:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LALA E. RANDLE , | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| vs. | } | CIVIL ACTION NO. |
| | } | |
| DYNAMIC SECURITY, INC., | } | |
| | } | |
| **Defendant.** | } | |

## COMPLAINT

## I.  JURISDICTION

1.  This is a suit for relief from sex discrimination instituted by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").  The Plaintiff alleges claims of sex discrimination, sexual harassment, and retaliation against Defendant Dynamic Security, Inc., arising under federal law.

2.  The jurisdiction of this Court over Plaintiff's federal civil rights claims is based on 28 U.S.C. §§1331 and 1343(4).

3.  Plaintiff Lala E. Randle  ("Plaintiff"), a white female, timely filed her charges of sex discrimination, sexual harassment, and retaliation against defendant Dynamic Security, Inc., with the Equal Employment Opportunity Commission

("EEOC").

4.  On May 8, 2017, the EEOC issued a notice of right to sue letter

regarding the plaintiff's EEOC charge.  Plaintiff has filed this suit within 90 days

after her receipt of that right to sue letter.

## II.  PARTIES

5.  Plaintiff is a citizen of the United States, over the age of nineteen years,

and a current resident of Talladega County, Alabama.

6.   Defendant Dynamic Security, Inc., is an Alabama corporation and an

employer as that term is contemplated under Title VII, having its principal office

within this judicial district.  Defendant employs approximately 2500 employees

throughout the Southeastern United States and approximately 500 employees at its

various offices in Alabama.

7.  During her employment with defendant, plaintiff was assigned to the

office of Dynamic Security located at 234 Aquarius Drive, Suite 112,

Birmingham, Jefferson County, Alabama 35209.  Defendant's corporate

headquarters in Alabama is located at 1102 Woodward Avenue, Muscle Shoals,

Colbert County, Alabama 35661.  The unlawful employment practices alleged by

the plaintiff were committed primarily within this judicial district.

### III.  FACTS

8.  Plaintiff worked for Dynamic Security from August 19, 2002, until January 6, 2015.  Plaintiff's last position at Dynamic was Regional Manager of Security over portions of Alabama, Mississippi, and Florida.  Her base salary from Dynamic in January 2015 was $62,025.00.  In 2014 her W-2 showed her annual income as $75,952.15, including salary plus commission.  She also received health insurance coverage through her employer.

9.   On October 28, 2014, Jim Donnelly of Dynamic was assigned to be plaintiff's supervisor over her account with the Retirement Systems of Alabama ("RSA"), which plaintiff had secured and had been managing since October of 2009.  During a series of telephone calls from Mr. Donnelly to plaintiff during November 2014 he stated to her that if she did everything he instructed her to do that she would not lose her job.  He then asked plaintiff to travel with him to Mobile, Alabama, to recruit guards for the RSA Mobile location.  On November 18, 2014, during that trip, he told plaintiff that she needed to stay the night with him in his hotel room.  Fearing that she could lose her job if she disobeyed, she stayed in his room that night, although refusing his sexual advances.  The next night in Montgomery, Alabama, he told the plaintiff that she needed to stay in his hotel room with him overnight again.  Plaintiff told him no, and that she needed to

stay in her own room.  Donnelly then told plaintiff that he was going to stay with

her in her room.  She told him no again, that he needed to stay in his room and not

with her.  Donnelly became upset with plaintiff, and kept telling her that he was

going to spend the night with her.  However, plaintiff would not endure that

harassment again.

10.  On November 20, 2014, plaintiff called Jim Banta, Dynamic's regional

vice-president, and told him that Mr. Donnelly was harassing her.  Under the

company's harassment policy dated August 2012, Mr. Banta should have

conducted a full and detailed investigation of plaintiff's complaint and sent a

written report to the HR coordinator and executive vice president.  However, Jim

Banta instead instructed plaintiff to take it up with Jim Donnelly herself, and he

did not offer any other assistance or advice.

11.  After November 2014 Mr. Donnelly began treating plaintiff differently

by refusing to communicate with her about the RSA account they needed to work

together on.  On December 29, 2014, plaintiff got an email from Jim Banta

addressed to her and the other two male regional managers of security, saying that

he wanted to meet with each of them in the beginning of January to review their

fiscal year 2015 budget plans.  Banta set plaintiff's meeting date for January 6,

2015 at 10 a.m. in Anniston.  Plaintiff called Banta on December 31, 2014, and

asked him if her job was in jeopardy, because the communication with her

supervisor Jim Donnelly was still so poor.  However, Banta assured her that she

was not going to lose her job, and that he was looking forward to seeing her in

Anniston on January 6th for her budget plan review.

12.  Plaintiff called Dynamic's HR coordinator, Sherry Spires, on January 5,

2015, and told her about the harassment by Jim Donnelly.  Spires said she wanted

to take plaintiff's verbal statement over the phone, and that she would write it

down and email it back to plaintiff for any changes.  Plaintiff gave her statement

on the phone to Spires as instructed, and Spires sent plaintiff a written summary of

their conversation about the sexual harassment.  Plaintiff then returned the form

and authorized Spires to act on it.  Spires confirmed that she would send the

complaint over to Kristal Riddle, her superior, for immediate action.  Plaintiff was

not asked to provide any other information.

13.  The next day on January 6, 2015, plaintiff arrived for her budget plan

review meeting with Banta in the Anniston office.  As soon as Banta walked in he

closed the door and said, "Lala, sorry I lied but I am here to terminate you."  He

handed plaintiff a memo with a proposed severance package and release of claims

provision, saying that she was being terminated for "failure to perform and

repeated refusals to follow instructions by the undersigned."  The letter was signed

by John Riddle (Dynamic's President), Scott Riddle (Dynamic's Executive Vice-President), and Jim Banta (Dynamic's Regional Vice President).  He also said that plaintiff could resign if she wanted to get a job anywhere in the future.  He said that plaintiff could continue to follow up with Sherry Spires on her "issue" that he claimed to have "learned about yesterday," but he gave plaintiff no reason to believe that there was any chance of getting her job back and he did not say that they needed any more information from her.  Plaintiff refused to enter into that agreement.

14.  Plaintiff was unjustly fired by the company she had worked for without a single disciplinary write-up or warning for more than 12 years  because of her sex, and in retaliation for making a sexual harassment complaint against her supervisor.  Just before she was terminated plaintiff was about to close a large contract with Hyundai, which Cassandra Williams at Hyundai told plaintiff she was recommending to her top management.  Plaintiff was expecting to receive commissions totaling more than $50,000.00 over the next three years resulting from her efforts to land this contract, which she had been working on since 2012.  However, Dynamic refused to pay plaintiff any commissions from this contract which Hyundai signed just a few days after plaintiff was terminated.

15.  Plaintiff was the only female regional manager for Dynamic Security

and was its highest private sector producer every year.   Plaintiff managed a region

larger than the other regions managed by male managers.  But when it came to

travel plaintiff would have to stay at less expensive hotels in adherence to

Dynamic's travel expense policy while the male managers, including Jim Donnelly

and Jim Banta, would be allowed to stay at hotels that far exceeded those limits.

16.  The acts of the Defendant have caused the Plaintiff to suffer a loss of

employment, a loss of income, a loss of commissions, and a loss of promotion

opportunities.  The sex discrimination, sexual harassment, and retaliation

committed by the agents and employees of Dynamic has also caused the plaintiff

extreme embarrassment, terrible humiliation, and severe emotional distress.

Plaintiff alleges in this action that she has been discriminated and retaliated

against in violation of Title VII.

## IV.  CAUSES OF ACTION

### COUNT I  (TITLE VII)

17.  Paragraphs 1-16 above are incorporated by reference.

18.  Defendant violated Plaintiff's rights under Title VII by engaging in sex

discrimination and subjecting her to a sexually hostile work environment.

19.  Defendant further violated Plaintiff's rights under Title VII by

retaliating against her for complaining about this sex discrimination and sexual

harassment.

20.  As a result of the above described discriminatory acts, the plaintiff has

suffered a loss of  employment, a loss of income, a loss of commissions, and a loss

of promotion opportunities.  The sex discrimination, sexual harassment, and

retaliation committed by the agents and employees of Dynamic has also caused the

plaintiff extreme embarrassment, terrible humiliation, and severe emotional

distress.

21.  The Plaintiff further alleges that Defendant engaged in a discriminatory

and retaliatory practice with malice or with reckless indifference to her federally

protected rights.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully

requests the following relief:

A.  That the Court issue an Order declaring the acts of Defendant and its

agents and employees to be in violation of Title VII;

B.  That the Court enter an Order requiring Defendant to make Plaintiff

whole by placing her in the position she would have occupied in the absence of

discrimination (or front-pay), providing back-pay with interest, and ordering

Defendant to pay such compensatory and punitive damages as a jury may assess;

C.  That the Court grant Plaintiff a permanent injunction enjoining

Defendant, and its agents, employees, successors, and those acting in concert with

Defendant, from further violation of Plaintiff's rights under Title VII;

D.  That the Court award such other legal and equitable relief as justice

requires, including, but not limited to, an award of costs, attorney's fees, expert

witness fees, and expenses.

/s/ Ralph K. Strawn, Jr.
RALPH K. STRAWN, JR. (STR002)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
STRAWN & ROBERTSON, LLC
2401 RAINBOW DRIVE
GADSDEN, AL 35901
(256)459-4548 tel
(256)459-4435 fax
rstrawn@srlawfirm.comcastbiz.net

PLAINTIFF DEMANDS TRIAL BY JURY.

/s/ Ralph K. Strawn, Jr.
RALPH K. STRAWN, JR.

Serve Defendant by certified mail:

Dynamic Security, Inc.
c/o Scott A. Riddle, Registered Agent
1102 Woodward Avenue
Muscle Shoals, AL 35561

9