# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LALA E. RANDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:17-CV-0902-VEH |
| | ) |
| DYNAMIC SECURITY, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This is a civil action filed by the Plaintiff, Lala E. Randle, against the Defendant, Dynamic Security, Inc. ("Dynamic"), her former employer. (Doc. 13). The Amended Complaint sets out the following counts: "Sexual Harassment/Hostile [Work] Environment," in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") (Count One); "Sex Discrimination" in violation of Title VII (Count Two); and "Retaliation" in violation of Title VII (Count Three).

The case comes before the Court on the Defendant's Partial Motion To Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). (Doc. 16). The Defendant attacks only Count Two. For the reasons stated herein, the motion will be **GRANTED** and Count Two will be **DISMISSED with prejudice**.

## I. STANDARD

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most

favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## II.  RELEVANT ALLEGATIONS IN THE COMPLAINT[1]

The Amended Complaint, in pertinent part, sets out the following allegations:

8.  Plaintiff worked for Dynamic Security from August 19, 2002, until January 6, 2015. Plaintiff's last position at Dynamic was Regional Manager of Security over portions of Alabama, Mississippi, and Florida.

\* \* \*

25.  On November 18, 2014, and again on November 19, 2014, plaintiff's supervisor Mr. Donnelly demanded that the plaintiff spend the night with him during a business trip to Mobile and Montgomery.

26.  On or about November 20, 2015, plaintiff complained to Regional Vice President Jim Banta that Jim Donnelly was harassing her, and Banta told her to take that up with Jim Donnelly herself.

27.  On or about January 5, 2015, plaintiff complained to HR Coordinator Sherry Spires about the sexual harassment by Donnelly, and the next day she was fired.

28.  Plaintiff is a member of a group protected by Title VII (female).

29.  She was qualified for the position she held with Defendant.

30.  Plaintiff suffered an adverse effect on her employment (unwanted sexual advances and termination).

31.  Plaintiff suffered from differential application of work or

---

[1] As this is only a "partial" Motion To Dismiss, only those allegations relevant to the Motion will be included.

3

disciplinary rules (males not subjected to sexual advances or terminated for opposing or complaining of it).

32. On or about January 6, 2015, plaintiff was terminated by Banta.

33. Plaintiff was not given a reason for her termination, nor was she given any type of warning.

34. Plaintiff was treated adversely by Defendant and differently than similarly situated males because of her sex (female).

* * *

[]. [The] Plaintiff . . . timely filed her charges of sex discrimination, sexual harassment, and retaliation against defendant Dynamic Security, Inc., with the Equal Employment Opportunity Commission ("EEOC"). The particulars of her Charge of Discrimination are:

> I was hired by the above named employer on or about August 19, 2002, as a Business Development Representative. In March of 2005, I was promoted to Regional Manager. On or about November 18, 2014, I was instructed to travel to Mobile. While in Mobile I was sexually harassed by Contract Manager Jim Donnelly. Mr. Donnelly demanded that I spend the night with him in his room. I was afraid of losing my job; therefore, I stayed the night in his room. On or about November 19, 2014, Mr. Donnelly requested that I stay the night in his room while we were in Montgomery. I denied his request and he stated that he would stay in my room. I adamantly denied his request again and he became upset after I would not spend the night with him. On or about November 20, 2015, I complained to Regional Vice President Jim Banta that Jim Donnelly was harassing me. Mr. Banta told me that I needed to take that up with Jim Donnelly myself. On or about January 5, 2015, I complained to HR Coordinator Sherry Spires about the sexual harassment that occurred.

4

> On or about January 6, 2015, I was terminated. I was not given a reason for my termination, nor was a given any type of warning.
>
> I believe that I have been discriminated against because of my sex (female), and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 13 at 2, 3, 10-11; ¶¶3, 8, 25-34).

### III. ANALYSIS

#### A. **Whether the Plaintiff Has Stated a Plausible Claim for Relief in Count Two**

The Defendant begins its argument by writing:

> This Court held in *United States ex rel. Creighton v. Beauty Basics Inc.*, No. 2:13-CV-1989-VEH, [2016 WL 3519365] [] (N.D. Ala. June 28, 2016) that the plaintiff's complaint must comply with Rule 10(b) by setting forth each claim for relief in a separate count and including "the who, what, when, where, and how for **each element**, except scienter, of each claim for relief" and stated that the "previous sentence should be taken **literally**." (emphasis in original)(also holding that a "general recitation of facts is not prohibited, but incorporating those facts by reference into each count for relief is insufficient.").

(Doc. 16 at 6; *see also* doc. 21 at 8). This argument makes it seem as if, in *Creighton*, this Court required extremely detailed facts in order to satisfy the requirements of *Twombly* and *Iqbal*. This is not the case. The <u>entire</u> passage from that case reads as follows:

> A complaint must be legally, as well as factually, sufficient. *Iqbal*, 556 U.S. at 678 (2009). Although there is not always a bright line

between law and facts, a complaint will generally be legally sufficient if the essential elements of a cause of action are pleaded, and it is factually sufficient if the facts alleged, presumed true, plausibly establish that the plaintiff will be able to prove the elements of his claim and thus be entitled to relief. The significance of a particular fact depends on its relationship to the elements of plaintiff's cause of action. Cf. FED. R. EVID. 401 (a fact is relevant if it is of consequence in an action).

FED R. CIV. P. 9(b) imposes a heightened pleading standard, requiring that allegations of fraud be described with "particularity.'This means "a plaintiff must allege:(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citation and internal quotation marks omitted) (emphasis added). Put more pithily, the complaint must describe the who, what, when, where, and how of each element of a fraud claim, except scienter. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2004). If a complaint's factual sufficiency under Rule 8 is assessed in light of the essential elements of a claim, it follows ineluctably that the heightened factual specificity required by Rule 9(b) should also be assessed in light of the required elements of a claim.

I offered the following direction to Creighton in drafting her fourth complaint:

> Creighton's third amended complaint must comply with Rule 10(b), setting forth each claim for relief in a separate count. Moreover, the complaint must include the who, what, when, where, and how for **each element**, except scienter, of each claim for relief. The previous sentence should be taken **literally**; Creighton's fourth attempt at drafting a complaint would benefit from some structure. The recitation of elements and supporting facts must appear in each count for relief. A general recitation of facts

6

> is not prohibited, but incorporating those facts by reference into each count for relief is insufficient.

(Doc. 43 at 5).

*Creighton*, 2016 WL 3519365, at *2–3 (emphasis in original). The passage cited by the Defendant was obviously referencing separate claims being placed into separate counts (pursuant to the requirements of Rule 10(b)), and the heightened pleading standards required in fraud claims (pursuant to the requirements of Rule 9(b)). Neither is an issue in the instant case.

Instead, the Court will look to the *prima facie* case for a disparate treatment claim for guidance as to what the Plaintiff must plead, while keeping in mind that "a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas*[2] prima facie case." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002)); *see also Jennings v. City of Tuscaloosa*, No. 7:13-CV-00874-LSC, 2013 WL 5299304, at *3 (N.D. Ala. Sept. 19, 2013) (Coogler, J.) ("The Court considers the *prima facie* case for a disparate treatment claim for guidance on what [the plaintiff] must plead to make out a plausible claim of disparate treatment discrimination."). The Eleventh Circuit has noted that:

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

7

> To establish a prima facie case for disparate treatment, [a plaintiff] must show that "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated [male] employees more favorably; and (4) she was qualified to do the job." *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir.2000).

*McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008).

The Defendant argues that the facts which are pled do not support that the Plaintiff was treated differently than similarly situated males. However, the Complaint alleges that males were not subjected to sexual advances or terminated for complaining of same. (Doc. 13 at 11, ¶31).[3] Similarly, and despite the Defendant's argument to the contrary, the Complaint could also reasonably be read to claim that males were warned before they were terminated and/or given a reason for their termination, when she was not. Furthermore, the Court disagrees with the Defendant's contention that, at this stage of the proceedings, the Plaintiff must allege facts specifically identifying individuals who were similarly situated in all relevant

---

[3] The Defendant will take exception to this Court's interpretation since it argues: "In fact, what she pleads is that she was treated differently than male employees who were **not** subjected to sexual advances or did not complain about harassment. That does not state any type of disparate treatment claim." (Doc. 16 at 7; *see also* doc. 21 at 9) (citing doc. 13 at 11, ¶ 31). However, as noted above, the exact language of paragraph 31 of the Amended Complaint states: "Plaintiff suffered from differential application of work or disciplinary rules (males not subjected to sexual advances or terminated for opposing or complaining of it)." (Doc. 13 at 11, ¶31). The Court, as it must, construes this language in the light most favorable to the Plaintiff, and interprets it as if the parenthetical were written: "males [were] not subjected to sexual advances [n]or terminated for opposing or complaining [about them]."

8

respects. (Doc. 16 at 7) (citing *Connor v. Bell Microproducts-Future Tech, Inc.*, 492 Fed. Appx. 963, 965 (11th Cir. 2012). The Plaintiff has stated a plausible claim for relief in Count Two.

### B. As to Count Two, the Plaintiff Did Not Exhaust Her Administrative Remedies Prior to Filing Suit

"It is black-letter law that a plaintiff may not sue under Title VII . . . unless [s]he first exhausts administrative remedies by filing a timely charge of discrimination with the appropriate agency (in this case, the EEOC)." *Chapman v. W. Express, Inc.*, No. CIV.A. 10-0675-WS-C, 2011 WL 780594, at *2 (S.D. Ala. Feb. 28, 2011) (Steele, J.) (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir.2001)). The Defendant argues that, as to the allegations in Count Two, the Plaintiff failed to exhaust her administrative remedies before filing suit. Although it is undisputed that the Plaintiff timely filed an EEOC charge alleging discrimination, the Defendant argues that the charge does not cover the allegations in Count Two, and therefore, as to Count Two, she failed to exhaust her administrative remedies.

The Eleventh Circuit has noted:

> The purpose of exhaustion is to permit the department the first opportunity to investigate the alleged discriminatory or retaliatory practices, and a plaintiff's judicial complaint is thereby limited by the scope of the investigation that can reasonably be expected to grow out of the administrative charge of discrimination or retaliation. *See Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279–80 (11th

9

Cir.2004). The proper inquiry is, therefore, whether the plaintiff's judicial complaint was like or related to, or grew out of, the administrative allegations. *See id.* at 1280. Judicial claims are allowed if they "amplify, clarify, or more clearly focus" the charges made before the agency, and, given that we are reluctant to allow procedural technicalities to bar Title VII claims, the scope of the administrative charges should not be strictly construed. *See id.* at 1279–80 (quotation omitted).

*Basel v. Sec'y of Def.*, 507 F. App'x 873, 875–76 (11th Cir. 2013).

In making the determination as to whether the charge sufficiently covers the allegation in Count Two, "the 'crucial element of a charge of discrimination is the factual statement contained [in the charge].'" *Houston v. Army Fleet Servs., L.L.C.*, 509 F. Supp. 2d 1033, 1042 (M.D. Ala. 2007) (Fuller, J.) (*quoting Evans v. U.S. Pipe & Foundry, Co.*, 696 F.2d 925, 929 (11th Cir.1983)). Recall that the factual allegations in the charge in this case state:

> I was hired by the above named employer on or about August 19, 2002, as a Business Development Representative. In March of 2005, I was promoted to Regional Manager. On or about November 18, 2014, I was instructed to travel to Mobile. <u>While in Mobile I was sexually harassed by Contract Manager Jim Donnelly</u>. Mr. Donnelly demanded that I spend the night with him in his room. I was afraid of losing my job; therefore, I stayed the night in his room. On or about November 19, 2014, Mr. Donnelly requested that I stay the night in his room while we were in Montgomery. I denied his request and he stated that he would stay in my room. I adamantly denied his request again and he became upset after I would not spend the night with him. <u>On or about November 20, 2015, I complained to Regional Vice President Jim Banta that Jim Donnelly was harassing me.</u> Mr. Banta told me that I needed to take that up with Jim Donnelly myself. <u>On or about January 5, 2015, I</u>

<u>complained to HR Coordinator Sherry Spires about the sexual harassment that occurred</u>. <u>On or about January 6, 2015, I was terminated. I was not given a reason for my termination, nor was a given any type of warning</u>.

I believe that I have been <u>discriminated against because of my sex (female)</u>, and <u>retaliated against</u>, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 13 at 2, ¶3) (emphasis added). Certainly, based on these allegations, the EEOC could be expected to investigate the circumstances surrounding <u>the alleged sexual harassment</u> as well as the Plaintiff's termination <u>in retaliation for complaining of same</u>. However, <u>no</u> facts are alleged which even <u>suggest</u> that men were not harassed and/or fired for complaining of harassment, that men were always given a reason for being fired and/or warned before they were fired, or that men and women were treated differently in <u>any</u> way. Although some of the underlying facts are the same, theories of sexual harassment, retaliation, and disparate treatment are very different claims with different elements. The allegations in the judicial complaint cannot be said to be like, be related to, or to have grown out of the charge, even considering the fact that the scope of the administrative charge should not be strictly construed. *See Blalock v. Dale Cty. Bd. of Educ.*, 84 F. Supp. 2d 1291, 1302 (M.D. Ala. 1999) (De Ment, J.) (because plaintiff's EEOC charge "[did] not allude to or even generally reference a hostile work environment theory" and was limited to claims regarding gender-based

11

disparate pay and disparate treatment, the hostile work environment theory, which was a separate and distinct theory of liability with different elements of proof, was not reasonably related to her disparate pay and disparate treatment theories). Count Two is due to be dismissed because, as to that Count, the Plaintiff has failed to exhaust her administrative remedies.

## IV. CONCLUSION

For the reasons stated herein, Count Two is hereby **DISMISSED with prejudice**.

**DONE** and **ORDERED** this 13th day October, 2017.

                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge